IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CASE NUMBER 6:04-CR-00040-RC |
| v. | § § § § | |
| KAMERON JOE MONK, | § § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 17, 2016, alleging that the Defendant, Kameron Joe Monk, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Kameron Joe Monk was sentenced on February 7, 2005, before The Honorable William M. Steger, of the Eastern District of Texas, after pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. Kameron Joe Monk was subsequently sentenced to 121 months imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include

financial disclosure, mental health treatment, sex offender registration, sex offender treatment and physiological testing, no contact with minors, computer and internet restrictions, no sexually explicit material, employment restrictions, and to comply with child safety zones and a $100 special assessment.

## II. The Period of Supervision

On March 10, 2013, Kameron Joe Monk completed his period of imprisonment and began service of the supervision term. The Court modified Mr. Monk's conditions of supervision on December 9, 2013 to include placement in a residential facility for a period of 180 days, and observe the rules of the facility. The Court revoked Mr. Monk's supervised release on May 7, 2014 and sentenced Mr. Monk to 9 months of imprisonment to be followed by 2 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, sex offender registration, sex offender treatment and physiological testing, no contact with minors, computer and internet restrictions, restrictions on portable electronic devices and cameras, no sexually explicit material, employment restrictions, and to comply with child safety zones.

On January 15, 2015, Mr. Monk completed his period of imprisonment and began service of his second term of supervised release. The Court revoked Mr. Monk's supervised release on September 21, 2015 and sentenced him to 7 months of imprisonment to be followed by 17 months of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, sex offender registration, sex offender treatment and physiological testing, no contact with minors, computer and internet restrictions,

restrictions on portable electronic devices and cameras, no sexually explicit material, employment restrictions, to comply with child safety zones and search conditions.

On April 7, 2016, Mr. Monk completed his period of imprisonment and began service of the current supervision term. Mr. Monk's conditions of supervised release were modified on June 24, 2016 to alter the employment restrictions and allow the U.S. Probation Office to approve employment outside of the Tyler Division and the Eastern District of Texas.

### III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations. The petition alleges that Kameron Joe Monk violated the following conditions of release:

> <u>Allegation 1.</u> The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
>
> <u>Allegation 2.</u> The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
>
> <u>Allegation 3.</u> The Defendant shall not have contact with children under the age of 18 unless supervised by an adult approved by the probation officer.
>
> <u>Allegation 4.</u> The Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purposes of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. Section 2256 (2)(A), and is not limited to the sexual exploitation of children.
>
> <u>Allegation 5.</u> The Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, computers, computer peripherals, laptop computers, iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated

connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.

<u>Allegation 6.</u> The Defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments to determine appropriate treatment. The defendant shall pay any cost associated with treatment and testing.

## IV. Proceedings

On January 5, 2017, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to all allegations in the petition. In return, the parties agreed that he should serve a term of imprisonment of 6 months of imprisonment with 14 months of supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any

such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a) [1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, associating with a person convicted of a felony, having contact with a child under the age of 18 without an adult present and without approval by the probation officer, possessing and viewing media depicting sexually explicit conduct, possessing and using an internet-capable device to access the internet, and failing to participate in a sex offender treatment program, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 2 years.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to all allegations in the petition. Based upon the Defendant's plea of "true" to these allegations of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned

8

statutory sentencing factors will best be served by a prison sentence of 6 months, with a 14 month term of supervised release.

## VII. Recommendations

The court should find that the Defendant violated the allegations in the petition that he violated standard and special conditions of release by failing to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, associating with a person convicted of a felony, having contact with a child under the age of 18 without an adult present and without approval by the probation officer, possessing and viewing media depicting sexually explicit conduct, possessing and using an internet-capable device to access the internet, and failing to participate in a sex offender treatment program. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 6 months of imprisonment, with a 14 month term of supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in FCI Seagoville to facilitate visitation by family members. The Defendant's request should be accommodated, if possible.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by

the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

So ORDERED and SIGNED this 5th day of January, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE